## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROBERT GENE CAWLEY,**

> **Plaintiff,**

**-vs-**                                                   **Case No.  6:13-cv-538-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

> **Defendant**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's decision to deny Plaintiff's application for disability benefits.  For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

## Procedural History

Plaintiff applied for a period of disability and disability insurance benefits, alleging that he became unable to work on June 24, 2010 (R. 126-129, 40). The agency denied Plaintiff's applications initially and upon reconsideration, and he requested and received a hearing before an administrative law judge ("the ALJ").  The ALJ issued an unfavorable decision, finding Plaintiff to be not disabled (R. 16-36).  The Appeals Council declined to grant review (R. 1-4), making the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed his complaint in this action, and the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.  The matter has been fully briefed and the case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## Nature of Claimed Disability

Plaintiff claims to be disabled due to "slip discs, bad hearing, hemorr[h]oids, anxiety, acid reflux, and broken leg with rod and screws" (R. 147).

*Summary of Evidence Before the ALJ*

Plaintiff was forty one years old at the date of decision, with a twelfth grade education and past relevant work as a merchandise deliverer (pizza), groundskeeper (park and grounds), crate maker, and grocery department manager (R. 128, 148, 62).

The scant medical evidence relating to the pertinent time period is well detailed in the ALJ's opinion and in the interest of privacy and brevity will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of a Vocational Expert, written forms and reports completed by Plaintiff and his mother, and opinions from examining and non-examining consultants. By way of summary, the ALJ determined that Plaintiff had the severe impairments of lumbar degenerative disc disease with history of lumbar surgery in 2001, left leg pain with a history of left leg fractures, status-post open reduction internal fixation in 2010, hypertension, gastroesophageal reflux disease, depressive disorder, and anxiety disorder (20 CFR 404.1520(c)) (R. 21); and the record supports this uncontested finding. The ALJ determined that through the date of the decision, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 22). The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to perform a range of light work except:

> the claimant can lift and carry twenty pounds occasionally and ten pounds frequently.
> The claimant can stand and/or walk a total of six hours in an eight hour workday. The
> claimant can sit a total of six hours in an eight-hour workday. The claimant can
> perform all postural activities at least occasionally, but cannot climb ladders, ropes or
> scaffolds. The claimant cannot operate foot controls with the left lower extremity. The
> claimant should avoid concentrated exposure to vibrations and work hazards. The
> claimant should be allowed to alternate between sitting and standing for five minutes
> once per hour, as long as he stays at his workstation. The claimant can perform simple,
> routine tasks consistent with unskilled work, with adequate concentration, persistence,

and pace to perform these tasks for two-hour increments, with normal breaks and a lunch. The claimant's work setting should remain relatively static, with infrequent changes.

(R. 25).

The ALJ determined that Plaintiff could not return to his past relevant work (R. 30); however, with the assistance of the Vocational Expert, the ALJ found that other work existed in significant numbers that Plaintiff could perform (R. 30-32), and therefore, the ALJ found Plaintiff was not disabled.

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff asserts three objections to the administrative decision, contending that the ALJ: 1) erred in determining that the claimant has the residual functional capacity to perform light work with the ability to perform simple, routine tasks consistent with unskilled work when the examining, consultative physician opined the claimant would have a more restrictive residual functional capacity; 2) erred in relying on the testimony of the Vocational Expert after posing a hypothetical question that did not adequately reflect the limitations of the claimant; and 3) erred in finding that the claimant was "not credible" when the record "clearly reveals that the Plaintiff suffered from documented impairments causing significant mental limitation."

### The five step assessment

The Court reviews Plaintiff's objections in the context of the five step sequential evaluation that the ALJ must follow in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled.  29 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled.  20 C.F.R. § 404.1520(f).  The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

**Evaluating Opinion Evidence**

Plaintiff's first objection goes to the weight given the findings of a one time consultative

examiner, Alex C. Perdomo, M.D., in formulating the RFC at Steps 2-4.  On November 19, 2010, the

Social Security Administration referred Mr. Cawley to Dr. Perdomo for a physical examination (R.

478-480). As summarized by the ALJ, at this examination:

> Dr. Perdomo noted the claimant appeared to be in pain, but also noted the claimant
> ambulated independently and was able to move from the chair to the examination table
> with no need of assistance (Ex. 9F). Dr. Perdomo also noted the claimant was alert and
> oriented to person, place and time, and had mild left foot edema but no cyanosis,
> clubbing or ulceration (Ex. 9F). The claimant had no joint effusion, redness or
> tenderness, and had good distal pulses (Ex. 9F). The claimant was unable to squat or
> stand on his left toes due to ankle complaints (Ex. 9F). Additionally, Dr. Perdomo
> noted the claimant had full range of motion in the upper and lower extremities with
> the exception of the left ankle that was limited to ten degrees of dorsiflexion and
> plantarflexion (Ex. 9F). The claimant had a negative straight leg-raising test at this
> time, and an examination of the claimant's back revealed no deformities with moderate
> tenderness over the lumbar paraspinal muscles and lower lumbar spinous process (Ex.
> 9F). The claimant had full range of motion of the cervical spine, but the thoracolumbar
> spine was limited to forty-five degrees of forward flexion (Ex. 9F). The claimant also
> had normal gait, station, coordination, grip strength, fine manipulation, sensory, motor
> and deep tendon reflexes (Ex. 9F). Additionally, the claimant had a negative
> Romberg's sign at this time (Ex. 9F).

(R. 28).

The Eleventh Circuit has held that whenever a physician offers a statement reflecting

judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis,

and prognosis, what the claimant can still do despite his or her impairments, and the claimant's

physical and mental restrictions, the statement is an opinion requiring the ALJ to state with

particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Sec.*,

631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz*

*v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).)  If those reasons are supported by substantial evidence,

there is no error.

Here, the ALJ's discussion of Dr. Perdomo's opinion meets this standard. After summarizing the results of the examination, the ALJ noted Dr. Perdomo's opinion that claimant should avoid repetitive bending, stooping or crouching, and should lift and carry no more than ten pounds; and can stand, walk and sit for three to four hours in an eight-hour workday with normal breaks (R. 29, 480). The ALJ gave these opinions "only partial weight" (R. 29), explaining:

> The part of the opinion regarding bending, stooping and crouching is given significant weight as it is supported by a majority of the objective medical evidence. However, the remainder of the opinion is given little weight as it is not supported by a majority of the objective medical and other evidence, as well as Dr. Perdomo's own exam, which indicated primarily subjective complaints and multiple notations of the claimant's depressive symptoms. As such, Dr. Perdomo's physical and neurological examination findings do not support debilitating limitations. It is noted that Dr. Perdomo stated that the claimant "can stand, walk, and sit for 3 to 4 hours in an eight-hour workday with normal breaks." However, it is not clear whether Dr. Perdomo meant the claimant can do these three activities in combination for 3-4 hours out of 8 hours, or that the claimant can do these three activities up to 4 hours **each** out of 8 hours. Nonetheless, the undersigned finds that considering the minimal objective medical findings, the claimant's lack of treatment, his activities of daily living, the opinion of Dr. Freeman (Exhibit 6F), and the opinion of the State Agency medical consultant, Dr. Baltazar, in Exhibit 15F, neither interpretation is supported. The undersigned also finds that the claimant's activities of daily living are inconsistent with a restriction of lifting/carrying only 10 lbs, as he admitted to feeding and walking his dogs and perform his own household chores, driving, shopping, etc., as discussed above.

(R. 29).

Plaintiff objects to this finding on two grounds, contending that "it is clear" that the ALJ did not totally understand the opinion of Dr. Perdomo and should therefore have recontacted him, and asserting that the ALJ does not offer specific reasons for giving parts of the opinion less than substantial weight.

As for Plaintiff's first objection, the Court does not find it "clear" that the ALJ did not understand Dr. Perdomo's opinion. Rather, the ALJ found the opinion itself was less than clear–a conclusion the Court agrees with. That said, the ALJ acknowledged the two different interpretations

which could apply to the opinion, and found that "neither interpretation is supported" (R. 29).  Thus,

there is no relevant confusion and no need to recontact Dr. Perdomo.

With respect to the second objection, as noted by the Commissioner, opinions from

consultative or one-time examining physicians are weighed based on the factors of 20 C.F.R.

§ 404.1527(c)(3)-(6), such as the level of support provided for the opinion and how consistent the

opinion is with the record as a whole.  Although Plaintiff appears to suggest that this opinion is

automatically entitled to substantial weight (Doc. 20, p. 14), opinions from consultative examiners

are not owed the same deference as an opinion from a treating physician.  *See McSwain v. Bowen,*

814 F.2d 617, 619 (11th Cir. 1987) (noting that certain opinions "are not entitled to deference because

as one-time examiners they were not treating physicians.").  While the ALJ was required to consider

and evaluate the opinion, the record shows that she did so, giving credit to the mild examination

findings and listing specific reasons for discrediting the remainder.  As summarized in the ALJ's

decision here, this conclusion (and the RFC) is adequately supported by the examination findings of

Dr. Perdomo, the sparse treatment records, and the other opinions from treating and non-treating

sources.  As it is not the task of the Court to reweigh the evidence or to opine if the evidence could

support an alternative result, the finding should not be disturbed.

**Credibility**

In formulating the RFC at Steps 2-4, the ALJ also evaluated Plaintiff's credibility, concluding

that his "medically determinable impairments could reasonably be expected to cause the alleged

symptoms; however, the claimant's statements concerning the intensity, persistence and limiting

effects of these symptoms are not credible to the extent they are inconsistent with" the RFC (R. 27).

Plaintiff asserts this as error, contending that it is nothing more than boiler plate type language, and

does not offer enough reasoning to support the ALJ's determination that the claimant is not credible.

When a claimant attempts to establish disability through subjective symptoms, the Eleventh Circuit follows a three-part test that requires: "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged [symptom] arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged [symptom]." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).   If the objective medical evidence does not confirm the severity of the claimant's alleged symptoms but the claimant establishes that she has an impairment that could reasonably be expected to produce her alleged symptoms, the ALJ must evaluate the intensity and persistence of the claimant's alleged symptoms and their effect on the claimant's ability to work. *See* 20 C.F.R. §§ 404.1529(c), (d), 416.929(c), (d); *Mack v. Commissioner of Soc. Sec.,* 420 Fed.Appx. 881, 883 (11th Cir. 2011).

After considering a claimant's subjective complaints, the ALJ may reject them as not credible. Where an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence).  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1562.

Here, the ALJ did, in fact, articulate findings to support the credibility conclusion.  The ALJ noted that Plaintiff's descriptions of his daily activities (caring for his pets, household chores, driving, shopping, socializing with friends and going out to eat) are "inconsistent with the claimant's allegations of disabling symptoms and limitations, which weakens his credibility" (R. 26).  Too, the ALJ found that Plaintiff's activities of daily living "are self-restricted, as no treating source has advised the claimant to stay at home and avoid gainful work activity." *Id.*  The ALJ noted the absence

of any medical evidence establishing debilitating limitations, noting that Plaintiff has not sought any regular medical treatment from any source, other than getting sporadic medication refills (R. 26).[1] These specific grounds are supported by the record.  No error is shown.

**Hypothetical Question**

Plaintiff last objects to the finding at Step 5 of the sequential evaluation.  Plaintiff contends that the ALJ erred in relying on the testimony of the Vocational Expert, which was based on a hypothetical which did not include the limitations found by Dr. Perdomo.  "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).  An ALJ, however,  is "not required to include findings in the hypothetical that the ALJ [has] properly rejected as unsupported." *Crawford v. Commissioner of Social Sec.,* 363 F. 3d 1155, 1161 (11th Cir. 2004).  As there is no obligation to include in the hypothetical limitations which the ALJ did not find to exist, and, as discussed above, the ALJ adequately evaluated Plaintiff's limitations, there is no error.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511.  The only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard

---

[1]Although Plaintiff testified that he could not afford medical treatment (R. 51), the ALJ noted that Plaintiff had not sought emergency room visits, crisis center treatment or reduced cost or free clinic assistance. (R. 26).  The ALJ also noted Plaintiff's testimony that he "bought and consumed alcohol rather than [seeking] treatment." (R. 26, 60-61).

is adequately supported by the evidence and was made in accordance with proper legal standards.  As

the Court finds that to be the case, it must affirm the decision.

## Conclusion

The administrative decision was made in accordance with proper legal standards and is

supported by substantial evidence.  It is therefore **AFFIRMED.**  The Clerk is directed to enter

judgment accordingly and close the file.

**DONE** and **ORDERED** in Orlando, Florida on May 28, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record